UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br> v. Plaintiff, )<br> )<br>JAMES WILLIAM SMITH, )<br> )<br> Defendant. ) | Criminal No. 12-102 (JRT/LIB)<br><br>**MEMORANDUM REGARDING LOSS AND RESTITUTION** |

The defendant submits this memorandum to clarify its position on loss and restitution in this case.[1] The defendant first wants to specify that our factual position on the loss here has not changed - our position has consistently been and remains that there was no fraud before February of 2008, when Mr. Smith for the first time deceived his doctor. For approximately two years prior to that, Mr. Smith believed he had Alzheimer's disease, that was disabled, and that he was entitled to receive disability benefits. In addition, it is our position that there was no fraud involved in the medical symptoms and the medical problems that disabled him in 2004-2005, nor was there fraud involved in those doctor's visits, tests, or that initial diagnosis.

The defense specifically objects to the portions of the PSR that suggest the fraud started earlier than February 2008, ( "From 2005 until 2010, the defendant . . .." PSR Par. 6. The acts inconsistent with his diagnosis and the attempts to deceive his doctors occurred after February 2008). The defendant objected to this during the sentencing PSR

---

[1] Defendant's alternative loss figures, excluding pre-February 2008 payments, and the reason this was preserved as an issue, was that the loss, excluding benefits payments from April 2006-February 2008, was approximately $189,000.

objection process.  Since that factual portion of the PSR has been objected to as inaccurate by the defense, the court cannot rely on those statements in the PSR at sentencing.

However, as has been made clear in the Defendant's Position Paper, the defense is not raising loss amount as a **guideline** issue for several reasons: One, the guidelines do not determine the sentence and are only advisory anyway.  Two, as noted in the addendum to the PSR, the defendant's alternate loss numbers, which exclude all payments before February 2008, are precariously close to the $200,000 threshold anyway; and if just February 2008 is included then the defense numbers push the loss over $200,000.  Three, there is a doctrine adopted by the eighth circuit concerning the discovery of the fraud and "intended" loss, that the loss would arguably be more than $200,000 even using the defense numbers because the fraud stopped due to its discovery; another month undiscovered and the loss exceeds $200,000 anyway, even under the defense theory.  As such, the defense feels the $200,000 threshold guideline issue is not worth challenging, but we are not in any way conceding that the fraud had a beginning earlier than February 2008.  We do not believe that the court is required to make a specific loss finding for sentencing other than the parties agree the loss is between $200,000-$400,000, which establishes a guideline base offense level of 12.

As to restitution, the defense is not going to object to the social security administration's request for restitution in the full amount of $127,000.  Although we are

not going to contest this, **this is not intended as an admission of any sort concerning the starting point of he fraud** or whether he was entitled to disability payments during this period of time.  As a litigation matter, the defense has no interest in challenging the social security administration concerning its restitution claim; Mr. Smith has done wrong here and we are not interested in a further challenge involving the social security payments.

The defense position as to Met Life is different.  Mr. Smith maintains that he was entitled to disability insurance from his private provider for the time before February 2008, that there was no fraud during that period of time, and he challenges their restitution claim only to the extent if they seek reimbursement for payments before February 2008.  The contested amount is approximately $113,000.  The defense reserves its right to challenge this and requests that the court hold this issue open, as is commonly done in these cases, until after sentencing and let the parties address this with written submissions and a separate hearing if that proves necessary.

Dated:   April 7, 2014                    Respectfully submitted,


*s/ Douglas Olson*
_____
DOUGLAS OLSON
Attorney ID No. 169067
Attorney for Defendant
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415